McKinney, J.
delivered the opinion of the court.
The obstacles to a decree in favor of the complainant, in this cause, are various. It will suffice to notice one, which is insuperable, and goes to the .merits of the cause.
The complainant, who is administrator .of :the estate of A. B. Young, deceased, has brought this /bill to compel the defendant t® account for the amount of a note .of seven hundred and seventy-eight dollars, made by him to the intestate .(who was his father) and payable at the death of .the latter; which note, it is alleged in .the bill, was for ,an excess of advancements made to him, in property, beyond the amount given to the other children of the ■ intestate; to all of whom he made considerable .advancements during his life. The bill charges, *299 that, after the execution of said note, the wife of the said A. B. Young, the complainant’s intestate, obtained a divorce; and that by the decree in the cause, his estate was to be equally divided with her; and that after said decree was made, but before the division by the commissioners appointed for that purpose, said A. B. Young, in order to defraud his wife, by diminishing the amount to be divided, gave up said note to the defendant; but with an understanding that, after the division, it should be given back, or accounted for to him by the defendant. Shortly afterwards said A. B. Young died, and the defendant refused to account for said note. The foregoing is all that need be stated, of the matter of the bill, to raise the point upon which we rest our determination of the cause.
The defendant, admitting the execution of the note for the consideration stated in the bill, wholly denies the statement in reference to the time, circumstances, and inducement of the surrender of said note to him by his father. He states, that, prior to the suit for a divorce, a settlement took place between himself and father; and that, in consideration of the small amount expended upon him, in the way of education, compared with the other children; and of the overvaluation in price of a tract of land given to him; and of his having aided in the support of a sister for four years, his father then gave him up said note, and it was cancelled. The purpose to defraud the wife is expressly denied, and the surrender of the note is asserted to have been absolute and unconditional. The admissions of the intestate, in respect to the surrender of the note, are detailed by several witnesses, and correspond in substance *300 with the answer. It is not necessary, however, to notice the proof in the cause.
It is very clear that, upon the case made in the bill,, were that uncontradicted, the complainant can have no* decree. Neither at law nor in equity could the intestate have been heard to assert a right to recover the note,, or hold the defendant accountable for the money due thereon, in the face of his own fraudulent delivery to him, with the view of defeating the rights of the wife, and the decree of the court. And his personal representative and distributees, are alike estopped to do so. The courts will not, as between the parties, take cognizance of such a fraudulent transaction; nor interpose, at the instance of either, for any purpose whatever.
And although the statement in the answer strips the transaction of the fraud imputed to it in the bill, still, no decree can be based upon the case made in the answer.
Where a decree is sought upon grounds disclosed in the answer, variant from the grounds assumed in the bill, the whole answer must be taken together, the matter of discharge, as well as the matter of charge, and .must, when so taken, make out a proper case for relief. 8 Hum., 435, Upon the answer in the present case, there is no pretence for a decree in favor of the complainant.
In this view of the case, it becomes unnecessary to notice the other questions arising upon the record.
The decree will be reversed, and the bill dismissed, but without costs,